REQUESTED BY: Senator John W. Decamp Nebraska State Legislature State Capitol, Room 1116 Lincoln, Nebraska 68509
Dear Senator DeCamp:
As a follow-up to the question you addressed to us concerning LB 208, which we responded to in Attorney General Opinion No. 79, dated May 13, 1985, you have asked us to consider whether LB 208, which would alter the shrinkage allowance granted to dealers of motor vehicle fuels to provide a three percent allowance on the first 75,000 gallons of fuel received monthly, and a two percent allowance on all gallons in excess of 75,000 gallons, would be unconstitutional. In our earlier opinion, we concluded your proposed amendment to LB 208, raising the shrinkage allowance to 90 percent, would appear to be unconstitutional on the ground it established an unreasonable classification bearing no rational relationship to the object or purpose sought to be achieved by the provision of a shrinkage allowance.
Presently, Neb.Rev.Stat. § 66-414 (Reissue 1981) provides a three percent shrinkage allowance. As we indicated in our earlier opinion, this three percent allowance has existed since 1929. In your letter, you state you have found no evidence to indicate a three percent allowance bears any rational relationship to actual shrinkage loss under present conditions. You have also provided some information regarding your position that a one percent allowance would be sufficient.
In Bridgeford v. U-Haul Company, 195 Neb. 308,238 N.W.2d 443 (1976), the Nebraska Supreme Court stated "[w]hether there was a reasonable basis for the enactment of the statute in question is primarily a matter of legislative determination, subject to limited judicial scrutiny." While we are aware of your view that a one percent shrinkage allowance would be reasonable, we do not have sufficient information to determine whether the three percent allowance under LB 208 would be clearly unreasonable. Furthermore, as we stated in our previous opinion, "this determination of reasonableness is one which must, in the first instance, rest with the Legislature."
The question of whether a one percent or three percent allowance is reasonable rests on a factual determination which we believe must initially be made by the Legislature. Based on the information provided, we simply are not in a position to conclude that the allowance proposed under LB 208 would be unconstitutional.
Very truly yours,
ROBERT M. SPIRE Attorney General
L. Jay Bartel Assistant Attorney General